**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

    Plaintiff,

vs.                                          Case No: 04-80976
                                            Honorable Victoria A. Roberts

**EMANUEL TAYLOR,**

    Defendant.
_____/

**ORDER DENYING MOTION TO DISMISS THE INDICTMENT**
**FOR VIOLATION OF THE SPEEDY TRIAL ACT**

**I.**    **INTRODUCTION**

Before the Court is Defendant's Motion to Dismiss the Indictment for Violation of the Speedy Trial Act. For the following reasons the Court **DENIES** the Motion.

**II.**    **BACKGROUND**

On December 8, 2004, the Government indicted Emanuel Taylor ("Defendant") for the following offenses: (1) Felon in Possession of Firearm, 18 U.S.C. § 922(g)(1); (2) Felon in Possession of Ammunition, 18 U.S.C. § 922(g)(1); Felon in Possession of Body Armor, 18 U.S.C. § 931; and (4) Possession with intent to Distribute Cocaine Base, 21 U.S.C. § 841(a)(1). He made his first appearance on December 9, 2004.

The parties entered into stipulations to continue the trial date on March 18, 2005, May 25, 2005, July 19, 2005, September 16, 2005, December 1, 2005, March 1, 2006, April 27, 2006, August 11, 2006, January 4, 2007, April 9, 2007, July 25, 2007, and August 7, 2007. The stipulations stated the additional time was excludable under the

1

Speedy Trial Act's ends of justice provision. 18 U.S.C. § 3161(h)(8). The Court granted all of these stipulated motions and entered orders excluding time under the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, specifically referencing the ends of justice provision under § 3161(h)(8).

Defendant pled guilty on October 17, 2007.

The original scheduled sentencing date of February 12, 2008 was adjourned by stipulation of the parties to March 17, 2008. However, new counsel appeared for Defendant on March 13, 2008 and Defendant filed this Motion on April 2, 2008.

## III.   ANALYSIS

Defendant asserts the delay to which he repeatedly stipulated requires the dismissal of the indictment pursuant to the Speedy Trial Act. Although he does not directly cite the Sixth Amendment, he interchangeably cites case law construing the Speedy Trial Act and the Sixth Amendment.

Defendant's Motion is without merit on both grounds because he waived these claims when he entered a plea of guilty.

The plain text of § 3162 of the Speedy Trial Act states that the "[f]ailure of the defendant to move for dismissal prior to trial or *entry of a plea of guilty* or nolo contendere shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162(a)(2) (emphasis added). Similarly, the Sixth Circuit held that

"'a defendant whose trial does not begin on time is deemed to have waived the right to move for dismissal of the information or indictment if he or she does not file that motion prior to trial *or entry of a guilty plea*.'" *United States v. Brown*, 498 F.3d 523,

2

529 (6th Cir. 2007) (emphasis added) (quoting *Zedner v. United States*, 126 S. Ct. 1976, 1981 (2006)).

Defendant did not enter a conditional plea preserving his right to litigate a Speedy Trial Act violation, nor did he individually assert a violation of the Speedy Trial Act in opposition to his counsel's stipulations. *See e.g. United States v. Payton*, No. 05-1402, 2007 U.S. App. LEXIS 29074, at *2 (6th Cir. Dec. 12, 2007) (unpublished) (citing *United States v. Gonzalez-Arimont*, 268 F.3d 8, 11-12 (1st Cir. 2001)); *United States v. Hall*, 181 F.3d 1057, 1060-1061 (9th Cir. 1999); *United States v. Brickey*, 289 F.3d 1144, 1150 (9th Cir. 2002).

Defendant's entry of a guilty plea also waived his right to assert his pre-plea speedy trial rights under the Sixth Amendment. *See Howard v. White*, No. 03-1042, 76 Fed. Appx. 52, 53 (6th Cir. Sept. 16, 2003) (citing *Kowalak v. United States*, 645 F.2d 534, 537 (6th Cir. 1981)); *Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 747 (E.D. Mich. 2005); *see also United States v. Lanier*, 201 F.3d 842, 847 (6th Cir. 2000).

## IV. CONCLUSION

To the extent Defendant asserts a constitutional due process claim, his argument is perfunctory, and the Court does not consider it. The Court **DENIES** Defendant's motion.

**IT IS ORDERED**.

<pre>
                                        S/Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge
</pre>

Dated: April 18, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 18, 2008.

s/Carol A. Pinegar

Deputy Clerk