UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                                    Case No: 04-80976
                                                      Honorable Victoria A. Roberts

EMANUEL TAYLOR,

    Defendant.

_____/

**OPINION AND ORDER**

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion to withdraw his guilty plea. He alleges ineffective assistance of previous counsel. In the alternative, Defendant requests that the Court dismiss his indictment for violation of the Speedy Trial Act. In an Order by the Court dated April 18, 2008 (Document 68), the Court denied Defendant's first Motion to Dismiss the indictment for violation of the Speedy Trial Act. The Court will not consider the merits of these arguments in its discussion below and will only address the Defendant's Motion to withdraw his guilty plea.

A hearing was held on this motion on May 27, 2008. For the following reasons, the Court **DENIES** the Motion to withdraw.

**II.    BACKGROUND**

Defendant Emanuel Taylor is a five-time convicted felon. On November 19, 2004 the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") obtained a federal

1

search warrant for Taylor's house. The warrant was based on information from an informant that Taylor possessed firearms. On November 29, 2004 ATF and Detroit police officers executed the warrant. The search yielded a loaded firearm, a bullet proof vest, approximately 250 rounds of assorted ammunition, approximately $900 in cash and over 5 grams of crack cocaine. Taylor was arrested as a felon in possession of a firearm, ammunition and drugs.

ATF says he was given his *Miranda* rights. Taylor admitted he sold cocaine and that the cocaine found in the house was his. Further, Taylor said he was aware of the firearm and the ammunition in the house. Based on Taylor's confession, and the items seized in the search, a grand jury indicted Taylor as a felon in possession of a firearm, body armor, and more than 5 grams of a Schedule II controlled substance with the intent to distribute.

After indictment, Taylor retained Jerome Barney. Barney was admitted to the bar in 1977 and is experienced in both civil and criminal matters. Barney's attorney-client relationship with Taylor spans several years. He represented Taylor in a murder case; the jury acquitted Taylor. Barney also represented Taylor in other criminal cases in state court.

Taylor appeared in this Court and entered a guilty plea on October 17, 2007, without benefit of a Rule 11 Plea Agreement. Taylor testified that Barney had been his attorney for four or five years and he consulted Barney "a lot," both in person and by telephone. Taylor said their discussions on his current indictment convinced him that he should plead guilty. Taylor did not complain about Barney's representation. When questioned about the factual basis for his plea, Taylor acknowledged his illegal

2

possession of the firearm, ammunition, body armor and crack cocaine. The Court accepted the plea; it found a factual basis existed and the plea was made freely and voluntarily.

Taylor now asks to withdraw his guilty plea. He says Barney provided ineffective assistance of counsel. This revelation comes six months after Taylor pled guilty, hired new counsel and discharged Barney. Taylor alleges that Barney's performance was deficient; Barney failed to investigate the prosecution's case. Taylor says such ineffectiveness falls below an objective standard of reasonableness. Taylor argues that this alleged deficiency was prejudicial to him and deprived him of a fair trial. Taylor says that if the errors were not committed the results would have been different. For example, Taylor says Barney erred by not filing a motion to dismiss or a motion for speedy trial. He also says Barney failed to demand: (1) a suppression hearing; (2) discovery from the government; and, (3) the identity of the government's informant.

### III. ANALYSIS AND APPLICABLE LAW

#### A. Ineffective Assistance of Counsel

Counsel provides ineffective assistance when his conduct so undermines the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In the context of a guilty plea, counsel provides ineffective assistance when courts determine that the Defendant did not tender a plea voluntarily and understandably. *McMann v. Richardson*, 397 U.S. 759 (1970). Whether at trial or in the context of a guilty plea, *Strickland* sets forth a two-prong test for determining the effectiveness of counsel. First,

3

Taylor must show that Barney's performance was deficient. *Strickland* at 687. Second, Taylor must show that the defective performance prejudiced him. *Id.* There is no reason for a court deciding an ineffective assistance claim to address both components of the inquiry if the Defendant makes an insufficient showing on one. *Id.* at 697. The object of an ineffectiveness claim is not to grade counsel's performance. *Id.*

**I.     Performance**

The performance inquiry asks whether counsel's assistance was reasonable considering all the circumstances. *Strickland* at 688. An attorney's performance is deficient when it is "so inferior as to be objectively unreasonable." *Dure v. United States*, 127 F.Supp.2d 276, 279 (D.R.I. 2001). Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. *Strickland* at 690.

Taylor identified the acts or omissions of Barney that he alleges are not the result of reasonable professional judgment. The Court must determine whether, in light of all circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id.* In making that determination, the Court should keep in mind that counsel's function is to make the adversarial testing process work in the particular case. *Id.* Further, the Court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* Therefore, while Taylor was entitled to an effective defense, this entitlement did not include a perfect defense or a successful defense. *See Robertson v. United States*, 144 F.Supp.2d 58,

66 (D.R.I. 2001). In evaluating Barney's performance, the standard should not be applied in hindsight; the evaluation is through the lens of what Barney knew, or should have known, at the time his tactical choices were made and implemented. *See United States v. Natanel*, 938 F.2d 302, 309 (1st Cir. 1991).

The evidence in Taylor's case weighed heavily against him. He confessed to possession of drugs with intent to distribute. Further, the firearm, body armor, and ammunition were seized at Taylor's house without dispute as to whom it belonged. On March 14, 2005 the government filed its discovery notice. This notice included the search warrant for Taylor's house and credible information in support of the warrant, such as the affidavit of the government's informant. On the same date, the government provided Barney with the grand jury transcript of an ATF agent, plus a copy of the ATF case report providing a recommendation for prosecution. On October 14, 2007, the government provided Barney with the grand jury transcript of another ATF agent, as well as an audiotape of a phone call between Taylor and the informant. The government told Barney that it did not intend to offer the tape as evidence against Taylor at trial. At the time of Taylor's guilty plea, Barney possessed all of this described information. It appears that Barney reasonably believed there was no need to demand discovery or request a suppression hearing in order to properly advise Taylor. Apparently, Barney thought it wise for Taylor to plead guilty, and no evidence suggests that a motion to suppress evidence would have been successful.

These facts suggest that Barney correctly advised Taylor to plead guilty. The government argues that by Taylor admitting guilt, he positioned himself to claim he was

entitled to a reduced sentence for acceptance of responsibility. This was a tactical move reasonably chosen by Barney since the odds were not in Taylor's favor.

The Court finds that a reasonable lawyer may have taken the same course of action under the circumstances. Accordingly, the Court declines to interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Taylor fails to satisfy the performance prong of the *Strickland* test.

### ii. Prejudice

To satisfy the appropriate prejudice prong, Taylor must establish that, but for Barney's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland* at 694. The Supreme Court declined to implement detailed guidelines for post-trial inquiries into attorney performance; it would encourage the proliferation of ineffectiveness challenges. *Id.* at 690. The Supreme Court states that the purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation, but to ensure that criminal defendants receive a fair trial. *Id.* at 689. As a result,

> Judicial scrutiny of counsel's performance must be highly deferential. It is too tempting for a defendant to second-guess counsel's assistance after a conviction or an adverse sentence. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time...There are countless ways to provide effective assistance in any given case and even the best criminal defense lawyers would not defend a particular client the same way.

*Strickland* at 689.

It is not enough for Taylor to show that the "errors" had some conceivable effect on the outcome of the proceeding; virtually every act or omission of Barney would meet that test and not every error that conceivably could have influenced the outcome undermines the reliability of the result. *Strickland* at 693.

Barney's representation did not prejudice Taylor. Taylor's actions subsequent to arrest left Barney with few options for a successful defense. Taylor voluntarily confessed to the ATF officers that the drugs and firearm were his after he was given *Miranda* rights. Barney had no reason to challenge this confession. Objectively, Taylor understood the ramifications of his plea and Barney provided reasonable advice for Taylor to plead guilty because the facts were not in his client's favor. Taylor fails to satisfy the prejudice prong of the Strickland test.

**B.    Alternative Reason to Withdraw a Guilty Plea**

A guilty plea is a grave and solemn act to be accepted only with care and discernment. *United States v. Triplett,* 828 F.2d 1195, 1198 (6th Cir. 1987). The withdrawal of a guilty plea prior to sentencing is not an absolute right but is a matter within the broad discretion of the district court. *United States v. Spencer*, 836 F.2d 236, 238 (1987).

Taylor's motion to withdraw his guilty plea is governed by FED.R.CRIM.P. 11(d)(2):

> A Defendant may withdraw a guilty plea or nolo contendere: after the court accepts the plea, but before it imposes sentence if; (A) the court rejects a plea agreement under Rule 11(c)(5), or (B) the Defendant can show a fair and just reason for requesting the withdrawal.

FED.R.CRIM.P. 11(d)(2). 11(d)(2)(A) is not applicable since he pled without a Rule 11

agreement. Thus, Taylor must show a fair and just reason for requesting the withdrawal of his guilty plea. Although the terms "fair and just" lack a pretense of scientific exactness, guidelines have emerged for applying this standard. *Spencer* at 238.

In determining whether Taylor has shown a fair and just reason to withdraw his plea the Court reviews:

1. The length of time between entry of the guilty plea and the filing of the motion to withdraw,
2. Why the grounds for withdrawal were not presented to the Court earlier,
3. Whether Taylor asserted a defense or whether he consistently maintained his innocence,
4. The circumstances underlying the guilty plea including Taylor's background, prior criminal history, and whether he admitted guilt,
5. The potential prejudice to the government in considering the motion.

*See Spencer*, 836 F.2d at 239-40.

The rationale for allowing a defendant to withdraw his guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. *United States v. Carr*, 740 F.2d 339, 345 (5th Cir. 1984) (quoting *Everett v. United States,* 336 F.2d 979, 984 (D.C.Cir. 1964)). The purpose is not to allow that defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty. *Id.*

Taylor fails to satisfactorily explain the first factor. There was a significant period of time between his guilty plea and his motion to withdraw. Taylor waited 6 months before filing his motion to withdraw. The Sixth Circuit affirmed denials of motions to

withdraw in cases involving delays shorter than the delay in this case. *See Spencer*, 836 F.2d at 239 (court denied a motion to withdraw a plea of a defendant who waited 5 weeks).

With respect to the second factor, a defendant's reasons for filing a motion to withdraw a guilty plea will be more closely scrutinized when he delayed his motion for a substantial length of time. *Triplett* at 1197. The government contends that Taylor's grounds for plea withdrawal, as well as the manner and timing of the withdrawal, are a "sham;" the government says Taylor wants to withdraw his plea because he faces a 24 year prison sentence. Taylor really does not address this factor. Consequently, the Court finds that Taylor has not satisfied the second factor.

The third consideration is whether Taylor consistently maintained his innocence. He has not. He voluntarily admitted his guilt to the ATF agents while in custody and to the Court via his guilty plea.

The fourth factor-- involving the consideration of the circumstances underlying Taylor's guilty plea, his background and prior criminal history, and whether he admitted guilt-- was adequately discussed in the context of Taylor's ineffective assistance of counsel argument. Further, a defendant "familiar with the criminal justice system" is not a novice to criminal law. *United States v. Usher,* 703 F.2d 956, 958 (6th Cir. 1983). He is knowledgeable of the system and any attempt to withdraw from a plea voluntarily entered, with counsel, cannot be viewed as other than a dilatory tactic or strategy to attempt to obtain a better deal. *United States v. Kirkland,* 578 F.2d 170, 171-72 (6th Cir. 1978). Taylor as a five-time convicted felon is "familiar with the criminal justice system." As a result, the fourth factor weighs heavily in favor of the government.

The final factor for the Court to consider is prejudice to the government. The government argues that this motion would delay the administration of justice because it would have to interview witnesses again to support its burden to prove Taylor guilty beyond a reasonable doubt. Given the amount of time that has passed, witnesses may not remember certain events and, if they did, the defense could argue that the time lapse makes their testimony unreliable. Consequently, the fifth factor supports the government; any delay would be prejudicial towards it.

Further, Taylor requests a *Ginther* hearing under *People v. Ginther,* 390 Mich. 436 (1973). A *Ginther* hearing is an evidentiary hearing on a defendant's motion attacking the adequacy of representation. However, *Ginther* was a state court decision which set forth a test for ineffective assistance of counsel claims in the context of a guilty plea; however, *Ginther* does not control federal court proceedings.

In *McMann v. Richardson*, *supra*, the court stated the general rule by which federal collateral attacks on convictions based on guilty pleas rendered with the advice of counsel were to be governed:

> In our view a defendant's guilty plea based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility of the defendant's confession. Whether a plea of guilty is unintelligent and therefore vulnerable when motivated by a confession erroneously thought admissible in evidence depends as an initial matter, not on whether the court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorney's in criminal cases.

*McMann* at 770-71.

When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not afterwards raise independent

10

claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann. Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Taylor received reasonably competent advice from Barney. Thus, Taylor pled intelligently, voluntarily, and understandably to the charges in expectation of a lesser sentence. There is no need for an evidentiary hearing.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to withdraw his guilty plea; he received effective assistance of counsel.

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 30, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 30, 2008.

s/Linda Vertriest
Deputy Clerk