UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMANUEL TAYLOR,

Petitioner,                                          Case No: 04-80976-1
                                                    Hon. Victoria A. Roberts
vs

UNITED STATES OF AMERICA,

Respondent.

_____/

**OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS**

Emanuel Taylor filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. Taylor was charged with unlawful possession of a firearm, ammunition, and body armor, in violation of 18 U.S.C. §§ 922 and 931 (Counts One, Two, and Three, respectively), and with possession of crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count Four).  On May 13, 2010 - after appeal and resentencing - Taylor was sentenced to concurrent terms of 120 months' imprisonment on Counts One, Two, and Four, and 36 months on Count Three.  Taylor did not appeal his sentence.  The Government moved to dismiss Taylor's § 2255 motion.

For the reasons that follow, Taylor's petition is **DENIED** and the government's motion is **GRANTED**.

## I.      FACTS AND PROCEDURAL HISTORY

In November 2004, agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) executed a federal search warrant at Taylor's residence. The warrant was based on information from a confidential informant that Taylor possessed firearms on the

premises. A loaded firearm, a bullet-proof vest, approximately 250 rounds of assorted ammunition, approximately $900 in cash, and over 5 grams of crack cocaine were seized. Taylor was arrested for being a felon in possession of a firearm, ammunition, and drugs.

The ATF agents testified without contradiction that Taylor was given his Miranda warnings. After being questioned by the agents, Taylor admitted that he sold cocaine and that the cocaine found in the house was his. He also admitted that he was aware of the firearm and the ammunition in the house. Based on his confession and the items seized, a grand jury issued an indictment against Taylor, charging him with the four counts described above. After the indictment, Taylor retained Attorney Jerome Barney. Barney had represented Taylor on other matters, including a murder case in which the jury acquitted Taylor.

Between January 2005 and August 2007, the government and Taylor engaged in extensive plea negotiations. The parties stipulated to 15 continuances of the trial date in order to continue negotiations. In October 2007, nearly three years after the search took place, Taylor entered a guilty plea without the benefit of a Rule 11 Plea Agreement.

At the plea hearing, Taylor stated that Attorney Barney has been his counsel for four or five years and that he consulted Barney "a lot," both in person and by telephone. Taylor testified that their discussions regarding his current indictment convinced him that he should plead guilty. He told the district court that he was satisfied with Barney's representation and had no complaints. When questioned about the factual basis of his guilty plea, Taylor acknowledged his illegal possession of the firearm, ammunition, body armor, and crack cocaine. The court accepted the guilty plea.

In March 2008, six months after Taylor's plea hearing and four days before his scheduled sentencing hearing, Taylor hired Claude Chapman as substitute counsel for Barney. Chapman filed a motion to dismiss the indictment based on an alleged violation of the Speedy Trial Act. The district court denied the motion. Chapman then moved to allow Taylor to withdraw his guilty plea. The motion was based solely on the argument that Attorney Barney rendered ineffective assistance of counsel. After a hearing, the district court denied that motion as well. Taylor was sentenced to terms of 180 months' imprisonment on Counts One, Two, and Four, and 36 months on Count Three, all of which are concurrent. Taylor appealed to the Sixth Circuit. On appeal, the government agreed that the case should be remanded for resentencing, leaving on appeal the sole issue of whether Taylor should have been allowed to withdraw his guilty plea. That request was ultimately denied. On remand for resentencing, Taylor's sentence was reduced to 120 months imprisonment on counts one, two and four.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." To bring a motion under § 2255, a petitioner "must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir.2001).

## III.     LEGAL AUTHORITY

28 U.S.C. § 2255(f), specifically provides that

**(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

3

**(1) the date on which the judgment of conviction becomes final;**

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or**

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(Emphasis added).

## IV.    ANALYSIS

The only sections of 28 U.S.C. § 2255 (f) relevant to this case are: (1) the date on which the judgment of conviction becomes final; or (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

### a.  Taylor's Petition is Untimely under 28 U.S.C. § 2255(f)(1)

Taylor's petition is denied as untimely.  28 U.S.C. § 2255(f) (1) is not available to Petitioner because his judgment of conviction became final more than one year prior to the filing of his petition.  The Sixth Circuit stated:

When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed. *Clay v. United States,* 537 U.S. 522, 532, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). By parity of reasoning, when a federal criminal defendant does not appeal to the court of

4

appeals, the judgment becomes final upon the expiration of the period in which
the defendant could have appealed to the court of appeals, even when no notice of
appeal was filed. In most cases, that period is ten days, pursuant to Fed. R.App. P.
4(b)(1).

*Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004).

Taylor's petition is untimely because his resentencing occurred on May 13, 2010, and he
did not file his Petition for writ of habeas corpus until July 25, 2013. Taylor's judgment became
final more than three years before expiration of the one year period of limitation set forth in 28
U.S.C. § 2255(f)(1).

**b. Taylor's Petition does not meet the Requirements of 28 U.S.C. § 2255(f)(3)**

Taylor's petition also cannot be deemed timely under § 2255(f)(3) because *Alleyne v.
United States*, ⎯⎯ U.S. ⎯⎯, 133 S.Ct. 2151, 186 L. Ed. 2d 314 (2013), has not been made
retroactively applicable to cases on collateral review. *See Gibson v. Tribley*, 10-13364, 2013 WL
3353905*8 (E.D. Mich. July 3, 2013) (Judge Tarnow opined that "there is no indication that the
Supreme Court made their holding in *Alleyne* retroactive to cases on collateral review").

28 U.S.C. § 2255(f)(3) allows the Petitioner to use the date of a Supreme Court decision
that announces a "New Rule" as the date from which the one year period of limitation starts, only
if:

1)  The Petitioner asserts a right that is newly recognized by the Supreme Court, and
2)  The right is retroactively applicable to cases on collateral review.

Petitioner requests that this Court "vacate his sentence consistent with the United States
Supreme Court's recent decision. *Alleyne v. United States*." (Doc. # 96). In *Alleyne*, the United
States Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an

5

'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S.Ct. at 2155.  Essentially, *Alleyne* held that judges could not make factual determinations during sentencing that would increases the mandatory minimum sentence for a crime because any such fact is an element of the criminal offense that must be proven beyond a reasonable doubt to a jury. *Id*.

That said, Petitioner does not give any indication as to how the "New Rule" of *Alleyne* is applicable to him.  Petitioner does not point to any facts that were determined by the judge which he claims increased his mandatory minimum sentence.  Furthermore, Taylor pled guilty to all counts and his petition acknowledges his illegal possession of the firearm, ammunition, body armor, and crack cocaine.  (Doc. #96).  Therefore, due to Taylor's guilty plea, presumably there were no facts in question for the judge to determine.  The "New Rule" of *Alleyne* cannot be applicable to Petitioner's case.

Also, even if, Taylor's petition did properly assert how *Alleyne* applied to him, the Court would still deny it because *Alleyne* is not retroactively applicable to cases on collateral review. In *Schriro v. Summerlin*, 542 U.S. 348, 351-52, 124 S. Ct. 2519, 2522-23, 159 L. Ed. 2d 442 (2004), the Supreme Court elaborated on how to determine if a "New Rule" is retroactively applicable to a case on collateral review:

> [w]hen a decision of this Court results in a "new rule," that rule applies to all criminal cases still pending on direct review. *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). As to convictions that are already final, however, the rule applies only in limited circumstances. New substantive rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms,  *see Bousley v. United States*, 523 U.S. 614, 620-621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), as well as

6

constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish, *see Saffle v. Parks*, 494 U.S. 484, 494-495, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990); *Teague v. Lane*, 489 U.S. 288, 311, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (plurality opinion). Such rules apply retroactively because they "necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'"

Next, the *Schriro* Court explained that "New Procedural Rules" are generally not retroactively applicable to cases on collateral review. *Schriro*, 542 U.S. at 351-52. The Supreme Court reasoned:

> New rules of procedure, on the other hand, generally do not apply retroactively. They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise. Because of this more speculative connection to innocence, we give retroactive effect to only a small set of "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Saffle*, *supra*, at 495, 110 S.Ct. 1257 (quoting *Teague*, 489 U.S., at 311, 109 S.Ct. 1060 (plurality opinion)). That a new procedural rule is "fundamental" in some abstract sense is not enough; the rule must be one "without which the likelihood of an accurate conviction is seriously diminished." *Id*. at 313, 109 S.Ct. 1060. This class of rules is extremely narrow, and "it is unlikely that any ... 'ha[s] yet to emerge.'" *Tyler v. Cain*, 533 U.S. 656, 667, n. 7, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001) (quoting *Sawyer v. Smith*, 497 U.S. 227, 243, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990)).

*Schriro*, 542 U.S. at 351-52.

Here, it is evident that the rule expounded in *Alleyne* is a procedural rule – not a substantive rule. The *Alleyne* rule does not create a "significant risk that a defendant stands convicted of 'an act that the law does not make criminal,'" as required for substantive rules. *Id.* Also, since the *Alleyne* rule applies to sentencing hearings, the rule of *Alleyne* cannot be said to

7

"raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise," because at the sentencing phase the defendant has already been convicted. *Id.* Therefore, given the two options, the *Alleyne* rule must be categorized as a procedural rule.

Last, the procedural rule in *Alleyne* is not a watershed rule. Since the *Alleyne* rule applies to the sentencing phase, it does not meet the definition of a watershed rule because we cannot say that without the *Alleyne* rule "the likelihood of an accurate conviction is seriously diminished." *Teague v. Lane*, 489 U.S. 288, 313, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

In conclusion, the *Alleyne* rule is not retroactively applicable to Petitioner's case on collateral review because the *Alleyne* rule is a procedural rule and does not fall within a small set of watershed rules described by the Supreme Court in *Schriro*. *Schriro*, 542 U.S. at 353.

## V.    CONCLUSION

For the reasons stated, Emanuel Taylor's petition is **DENIED** and the government's motion is **GRANTED**.

**IT IS ORDERED.**

<u>S/Victoria A. Roberts</u>
Victoria A. Roberts
United States District Judge

Dated:  January 31, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 31, 2014 January 31, 2014.

s/Linda Vertriest

Deputy Clerk